**JAW LEGAL**
Jared A. Washkowitz  (7653)
1050 Bishop Street #450
Honolulu, Hawaii 96813
Tel: 808-840-7410
Fax: 415-520-9729
Email: jw102475@gmail.com

Attorney for Plaintiff
MATTHEW LIEBLONG

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MATTHEW LIEBLONG, | ) | CASE NO.: |
| | ) | |
| Plaintiff, | ) | **VERIFIED COMPLAINT FOR** |
| | ) | **DAMAGES; SUMMONS** |
| vs. | ) | |
| | ) | (In Admiralty) |
| URSULA ABELLA; S/V TALISKER | ) | |
| *in rem,* her engine, appurtenances, | ) | |
| equipment, and tackle, Doc. No. | ) | |
| 1269157; DOE DEFENDANTS 1-20, | ) | |
| DOE CORPORATIONS, 1-20, DOE | ) | |
| GOVERNMENT AGENCIES 1-20, | ) | |
| DOE PARTNERSHIPS 1-20, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## <u>COMPLAINT</u>

Plaintiff MATTHEW LIEBLONG (herein "Plaintiff"), by and through his

undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure

and Local Rules, hereby sets forth the following Complaint against Defendants URSULA ABELLA, S/V TALISKER *in rem,* her engine, appurtenances, equipment, and tackle, Doc. No. 1269157, DOE DEFENDANTS 1-20, DOE CORPORATIONS, 1-20, DOE GOVERNMENT AGENCIES 1-20, DOE PARTNERSHIPS 1-20 (herein collectively "Defendants"), as follows:

## I.      Parties, Jurisdiction, and Venue

1.      This is a case of admiralty and maritime jurisdiction as more fully alleged herein, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.  The Court has admiralty jurisdiction based upon 28 U.S.C. § 1333 and 46 U.S.C. § 31301 et seq. because Plaintiff claims maritime liens against the vessel for necessaries.  This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff and all Defendants are citizens of different states, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

2.      Venue is proper in this district pursuant to 28 USC § 1391 because Defendants reside in this district , the Vessel is located in this district, and a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

3.      Plaintiff MATTHEW LIEBLONG is and was, at all relevant times herein, an individual who resides in Little Rock, Arkansas (Pulaski County).

4.     Defendant URSULA ABELLA (herein "ABELLA") is and was at all relevant times herein an individual who resides in Honolulu, Hawaii (Honolulu County).

5.     Upon information and belief, Defendant S/V TALISKER *in rem,* her engine, appurtenances, equipment, and tackle, Doc. No. 1269157 is a 52 foot Schionning Designs customized Waterline 1480 sailing vessel (herein "the Vessel") owend by ABELLA.  At all times material herein said Vessel is moored and can be found within this District.

6.     DOE DEFENDANTS 1 through 20, DOE CORPORATIONS 1 through 20, DOE GOVERNMENT AGENCIES 1-20, and DOE PARTNERSHIPS 1-20, are sued herein under fictitious names for the reason that their true names and identities are presently unknown to Plaintiff, except that they are persons and/or entities who are in some manner presently unknown to Plaintiff engaged in the activities alleged herein; and/or are in some manner responsible for the injuries and damages to Plaintiff; and/or are persons and/or entities who conducted some activity in a negligent and/or willful manner; which conduct was the proximate cause of the injuries or damages to Plaintiff and/or were in some manner related to the previously named Defendants engaged in the activities alleged herein; and Plaintiff pray leave to insert their true names and

capacities, activities and/or responsibilities, whether individual or corporate, when the same are ascertained.  Plaintiff has been unable to ascertain the identities of these DOE DEFENDANTS through a thorough examination of all documents available to Plaintiff at this time.

## II.   General Allegations

7.   On or around December 7, 2017, Plaintiff and ABELLA entered into a Lease Agreement with Option to Purchase (herein "the Agreement").  A true and correct copy of the Agreement is attached hereto as **Exhibit "A".**

8.   The Agreement was drafted by ABELLA.  The plain terms of the Agreement state that Plaintiff would pay $2,000 per month to ABELLA to lease the Vessel, for an initial term of December 7, 2017 to December 31, 2018.

9.   The plain terms of the Agrement further granted Plaintiff an exclusive right to purchase the Vessel for the sale price of $195,000.  If Plaintiff exercised the option, then all lease payments made to date would deducted from the stated purchase price, in addition to other deductions as allowed in the Agreement.  Plaintiff was required to notify ABELLA of his exercise of the option to purchase prior to termination of the Agreement, and he was to deposit $500 with ABELLA towards the purchase price.

10.     The Agreement further provided that in consideration of the option to purchase, Plaintiff would be repsonsible for legal expenses and court costs associated with clearing vessel liens and encumbrances, half of the said legal expenses and costs to be deducted from the purchase price, provided that the total deduction would not exceed $10,000.

11.     The Agreement further provided that Plaintiff would be responsible for maintaing and repairing the Vessel and that Plaintiff would have to pay for insurance for the Vessel.

12.     In good faith reliance on the option to purchase contained in the Agreement, Plaintiff substantially performed his obligations under the Agreement by:

a)      making all lease payments when due between December 2017 and May 2019, totaling $36,000;

b)      paying for the Vessel's insurance and mooring costs between December 2017 and May 2019, totaling $9,260.08;

c)      paying legal costs to clear serveral maritime liens from the Vessel, totalling $7,092.97;

d)      providing necessaries to the Vessel by maintaining and repairing the Vessel between December 2017 and May 2019, including a major haul out and

repairs, totaling $98,120.93 in parts and hundres of hours of labor, which should have been charged at the reasonable and customary rate of such labor;

       e)     such further acts as revealed through discovery.

13.    On December 6, 2018, the parties entered into an Extension of Lease Agreement with Option to Purchase (herein "the Extension").  A true and correct copy of this agremeent is attached hereto as **Exhibit "B"**.  The Extension extended the least term to June 30, 2019 and provided that the option to purchase was extended to the new lease end date.  There was no alteration to the purchase price or mention of a proposed change to the agreed upon purchase price.

14.    Thereafter Plaintiff continued to substantially preform his obligations under the Agreement as described above.

15.    On May 14, 2019, just six weeks prior to the deadline for Plaintiff to exercise his right to purchase the Vessel, ABELLA's attorney notifed Plaintiff for the first time that ABELLA wanted to reform the contract for the purchase price of $295,000, claiming scrivenor's error.

16.    On May 24, 2019 Plaintiff notified ABELLA of his intent to exercise the option to purchase the Vessel at the agreed upon price of $195,000 (less lease payments and half legal expenses paid) prior to the lease termination date, provided a

check for $500, and provided proof that he had financing available to complete the purchase.  A true and correct copy of Plaintiff's letter exercising the option to purchase is attached hereto as **Exhibit "C".**

17.    Rather than honoring the Agreement, ABELLA ignored Plaintiff's exercise of his exclusive option to purchase and had her counsel send a letter dated June 20, 2019 terminating the lease and demanding that Plaintiff vacate the Vessel. Despite demand having been made for ABELLA to honor the agreement and/or compensate Plaintiff for his damages due to the breach, ABELLA has refused to honor the option to purchase.  Plaintiff has since vacated the Vessel and returned to his home in Little Rock, Arkansas, having spent hundreds of thousands of dollars on the Vessel under the ipmiression that he would be the owner of the Vessel after the lease expired.

## COUNT I

## BREACH OF WRITTEN CONTRACT

18.    Plaintiff incorporates by reference and realleges as if fully set forth herein, the allegations contained in all preceding paragraphs.

19.    At all times material herein a valid and binding written contract was executed between Plaintiff and ABELLA as set forth in **Exhibit "A"**, supra.

20.     At all times material herein Plaintiff substantially peformed his obligations under the contract as alleged herein above.

21.     At all times material herein ABELLA failed to perform her obligations under the contract, and her failure to perform was not excused.

22.     As a direct and proximate result of ABELLA's breach of contract as alleged herein, Plaintiff sustained damages according to proof at trial in excess of this Court's minimum jurisdiction, and said damages were foreseeable to ABELLA.

COUNT **II**

**BREACH OF IMPLIED WARRANTY OF GOOD FAITH AND FAIR DEALING**

23.     Plaintiff incorporates by reference and realleges as if fully set forth herein, the allegations contained in paragraphs 1 through 18 above.

24.     At all material times herein a wararnty of good faith and fair dealing was implied into the contract Agreement between Plaintiff and ABELLA.

25.     ABELLA breached said warranty by the acts and omissions alleged herein above, to wit: by not honoring the Plaintiff's option to purchase the Vessel; causing Plaintiff to expend funds and resources to repair and maintain the Vessel and to remove pre-existing maritime liens from the Vessel despite the fact that ABELLA had

no intent to honr the contract between the parties; such further acts and omissions as revealed through discovery.

26.    As a direct and proximate result of ABELLA's breach of contract as alleged herein, Plaintiff sustained damages according to proof at trial in excess of this Court's minimum jurisdiction, and said damages were foreseeable to ABELLA.

**COUNT III**

**INTENTIONAL MISREPRESENTATION**

27.    Plaintiff incorporates by reference and realleges as if fully set forth herein, the allegations contained in all preceding paragraphs.

28.    At all material times herein a valid and legally binding oral/implied contract existed between Plaintiff and Defenadnt as set forth in **Exhibit "A"**, supra.

29.    At all material times herein, ABELLA intentionally misrepresented to Plaintiff that the purchse price of the Vessel would be $195,000 if Plaintiff exercised the option to purchase, when she actually intended to increase the price by $100,000 if and when Plaintiff exercised the purchase option.

30.    At all material times herein, ABELLA knew or should have known that the aforementioned statements made to Plaintiff were not true, and she knew or should have known that  Plaintiff was likely to rely on those statements to his detriment, as

alleged herein above.

31.     At all material times herein, Plaintiff reasonably relied on ABELLA's statements as being true;

32.     At all material times herein, Plaintiff would not have agreed to expend significant time and resources maintaining and repairing the Vessel and paying legal fees to remove maritime liens against the Vessel if he knew that ABELLA intended to charge $295,000 for the purchase price of the Vessel as opposed to the agreed upon $195,000.

33.     Plaintiff sustained special and general damages according to proof at trial as a direct and proximate result of ABELLA's misrepresentations alleged hereinabove, and said damages were foreseeable to ABELLA.

34.     ABELLA's actions as alleged herein were undertaken intentionally, willfully, wantonly, oppressively, fraudulently, and/or with gross negligence, and therefore Plaintiff should be awarded punitive damages.

## COUNT IV

## NEGLIGENT MISREPRESENTATION

35.     Plaintiff incorporates by reference and realleges as if fully set forth herein, the allegations contained in all preceding paragraphs.

12.    At all material times herein a valid and legally binding oral/implied contract existed between Plaintiff and Defenadnt as set forth in **Exhibit "A"**, supra.

36.    At all material times herein, ABELLA negligently, recklessly, and/or carelessly misrepresented to Plaintiff that the purchse price of the Vessel would be $195,000 if Plaintiff exercised the option to purchase, when she actually intended to increase the price by $100,000 if and when Plaintiff exercised the purchase option.

37.    At all material times herein, ABELLA knew or should have known that the aforementioned statements made to Plaintiff were not true, and she knew or should have known that  Plaintiff was likely to rely on those statements to his detriment, as alleged herein above.

38.    At all material times herein, Plaintiff reasonably relied on ABELLA's statements as being true;

39.    At all material times herein, Plaintiff would not have agreed to expend significant time and resources maintaining and repairing the Vessel and paying legal fees to remove maritime liens against the Vessel if he knew that ABELLA intended to charge $295,000 for the purchase price of the Vessel as opposed to the agreed upon $195,000.

40.     Plaintiff sustained special and general damages according to proof at trial

as a direct and proximate result of ABELLA's misrepresentations alleged hereinabove, and said damages were foreseeable to ABELLA.

41.    ABELLA's actions as alleged herein were undertaken intentionally, willfully, wantonly, oppressively, fraudulently, and/or with gross negligence, and therefore Plaintiff should be awarded punitive damages.

## COUNT V

## UNJUST ENRICHMENT

42.    Plaintiff incorporates by reference and realleges as if fully set forth herein, the allegations contained in all preceding paragraphs.

43.    At all material times herein, Plaintiff conferred a benefit upon ABELLA by contributing his time and resources to maintaining and repairing the Vessel and paying legal fees to remove maritime liens from the Vessel, all the while believing that he had the ultimate option to purchase the Vessel for the agreed upon price of $195,000.

44.    As a result of Defenadnt's conduct as alleged herein, to wit refusing to sell the Vessel to Plaintiff at the agreed upon price, Defnedant has been unjustly enriched at the expense of Plaintiff.

45.    As a direct and proximate result of  ABELLA's unjust enrichment,

Plaintiff has sustained general and special damages in amounts to be proven at trial, and said damages were foreseeable to ABELLA.

**COUNT VI**

**CONVERSION**

46.     Plaintiff incorporates by reference and realleges as if fully set forth herein, the allegations contained in all preceding paragraphs.

47.     ABELLA has wrongfully withheld and converted the Vessel to her own use as alleged hereinabove, which was supposed to be sold to Plaintiff for $195,000. ABELLA also wrongfully withheld and converted the resources and equipment Plaintiff contributed toward the maintenance and repair of the Vessel, as alleged herein.

48.     Despite repeated demands from Plaintiff that ABELLA honor the agreed upon purchase price, ABELLA has refused to sell the Vessel to Plaintiff for the agreed upon price, and has refused to compensate Plaintiff for his contribution to the repair and maintenance of the Vessel, thereby depriving Plaintiff of the use of such items to the financial detriment of Plaintiff.

49.     As a direct and proximate result of ABELLA's actions, Plaintiff has sustained general and special damages in amounts to be proven at trial, and said

damages were foreseeable to ABELLA, and ABELLA's actions as alleged herein were undertaken intentionally, willfully, wantonly, oppressively, fraudulently, and/or or with gross negligence, and therefore Plaintiff hould be awarded punitive damages.

COUNT VII

**QUANTUM MERUIT**

50.     Plaintiff incorporates by reference and realleges as if fully set forth herein, the allegations contained in all preceding paragraphs.

51.     At all material times herein Plaintiff rendered services and materials to the Vessel and ABELLA under the belief that option to purchase as set forth in the Agreement attached hereto as Exhibit "A" would be honored by ABELLA.

52.     At all material times herein ABELLA acquiesced and benefited from Plaintiff's provision of services and materials to her and the Vessel.

53.     Plaintiff has not been compensated for the services and materials he provided to the Vessel and ABELLA, and demands that he be comnpensated in damages for the reasonble value of the time and resources he expended for the benefit of ABELLA and the Vessel.

## COUNT VIII

## SPECIFIC PERFORMANCE

54.     Plaintiff incorporates by reference and realleges as if fully set forth herein, the allegations contained in all preceding paragraphs.

55.     At all material times herein Plaintiff has substantially preformed his obligations under the Agreement as set forth herein above.

56.     Plaintiff invokes the equitable remedy of specific performance and requests that the Court enter and Order compelling ABELLA to complete her obligation under the Agreement and sell the Vessel to Plaintiff at the agreed upon price of $195,000, less the agreed upon deductions in the Agreement.

## COUNT IX

## MARITIME LIEN AGAINST VESSEL FOR NECESSARIES, 46 US.C. §31301 ET SEQ.

57.     Plaintiff incorporates by reference and realleges as if fully set forth herein, the allegations contained in all preceding paragraphs.

58.     At all material times herein Plaintiff provided necessaries to the Vessel, within the meaning of 46 U.S.C. §31301 et seq., other applicable statutes, regulations, and the general maritime law,  in the form of services and materials for the repair and

maintenance of the Vessel as alleged herein above in the amount of $231,074.44, subject to further proof at trial.

59.     As a direct and proximate result of Plaintiff's provision of necessaries to the Vessel, a maritime lien in favor of Plaintiff and against the Vessel has arisen by operation of law, and has been duly recorded with the U.S. Coast Guard National Vessel Documentation Center,  and said lien is enforceable by arrest and judicial sale of the Vessel as provided for in applicable statutes, regulations, general maritime law, and the Federal Rules of Civil Procedure, Supplemental Rules For Admiralty Or Maritime Claims And Asset Forfeiture Actions, and Plaintiff hereby invokes said maritime lien and all applicable remedies at law and equity by and through this cause of action.

## COUNT X

### FRAUDULENT DECEIT

60.     Plaintiff incorporates by reference and realleges as if fully set forth herein, the allegations contained in all preceding paragraphs.

61.     At all material times herein ABELLA represented to Plaintiff in or around December 2017 that the purchase price for the option to purchase the Vessel pursuant to the Agreement was $195,000, less certain deductions which are set forth in the

Agreement, which said represenation was material to Plaintiff deciding to enter into the Agreement with ABELLA.

62.     At all material times herein, ABELLA's representation as set forth above was false and known to be false by ABELLA, who all along intended on demanding that Plaintiff pay $295,000 if he exercised the option to purchase, less deductions which are set forth in the Agreement.

63.     The representation set forth above was made for the purpose of inducing Plaintiff to rely on it, and Plaintiff justifiable relied on said representation by expending time and resources between December 2017 and May 2019 on the repair and maintenance of the Vessel and paying legal fees to remove preexisting maritime liens against the Vessel, in addition to such further actions as revealed through discovery.

64.     At the time of Plaintiff's justifiable reliance on the false representations made by ABELLA with respect to the purchase price of the Vessel, he was not aware of the falsity of said representations.

65.     As a direct and proximate result of ABELLA's actions, Plaintiff has sustained general and special damages in amounts to be proven at trial, and said damages were foreseeable to ABELLA, and ABELLA's actions as alleged herein were

undertaken intentionally, willfully, wantonly, oppressively, fraudulently, and/or or with gross negligence, and therefore Plaintiff hould be awarded punitive damages.

## COUNT XI

## PROMISSORY ESTOPPEL

66.    Plaintiff incorporates by reference and realleges as if fully set forth herein, the allegations contained in all preceding paragraphs.

67.    At all material times  herein, ABELLA made promises to Plaintiff that the Vessel would be sold to Plaintiff at the agreed upon price of $195,000 if Plaintiff exercised the option to purchase and otherwise substantially performed his obligations under the Agreement.

68.    At all material times herein, ABELLA, at the time she made the promises, knew or should have known that a reasonable person in Plaintiff's position would rely upon the promises to his detriment.

69.    At all material times herein, Plaintiff did in fact reasonably rely on ABELLA's promises as alleged herein, to his detriment.

70.    At all material times herein, Plaintiff sustained special and general damages according to proof at trial as a direct and proximate result of his reliance on ABELLA's promises, and said damages were foreseeable to ABELLA.

71.     At all material times herein, enforcement of the promises made by ABELLA is necessary to avoid gross injustice to Plaintiff.

### COUNT XII

### DECLARATORY JUDGMENT

72.     Plaintiff incorporates by reference and realleges as if fully set forth herein, the allegations contained in all preceding paragraphs.

73.     An actual case or controversy exists pursuant to HRS § 632-1 et seq. between the parties as to the rights of the parties with respect to the Agreement and the Vessel.

74.     Plaintiff requests a judicial determination that:

(a)     that the Agreement was plain and unambiguous on its face and valid and binding on the parties;

(b)     that ABELLA breached the Agreement by refusing to honor the plain terms of the option to purchase in the Agreement, causing damages to Plaintiff that were foreseeable;

(c)     the Plaintiff furnished necesaries to the Vessel which gave rise to a maritime lien, within the meaning of 46 USC §31301 et seq;

(d)     that Plaintiff is entitled to execute said maritime lien utlizing the

procedures set forth in applicable statutes, general maritime law, and the

Federal Rules of Civil Procedure, Supplemental Rules For Admiralty Or

Maritime Claims And Asset Forfeiture Actions;

(e)     such further judicial determinations as justice requires.

WHEREFORE, Plaintiff MATTHEW LIEBLONG prays for judgment against

Defendants, jointly and severally, as follows:

A.     For general damages in an amount to be proven at trial in excess of

$75,000;

B.     For special damages in an amount to be proven in trial in excess of

$75,000;

C.     For consequential and incidental damages in an amount to be proven at

trial;

D.     For punitive and exemplary damages;

E.     For an Order granting specific performance of the option to purchase

portion of the Agreement;

F.     For a judicial determination and declaratory relief as requested herein;

G.      For attorneys' fees, costs of suit, prejudgment interest from the date of

this incident, and such other and further relief, both legal and equitable, that this Court

deems just and proper under the circumstances.


DATED: Honolulu, Hawaii, August 6,  2019

                                         _/Jared A. Washkowitz_____
                                         JARED A. WASHKOWITZ
                                         Attorneys for Plaintiff
                                         MATTHEW LIEBLONG

## **VERIFICATION**

I declare under penalty of law that the foreoing is true and correct to the best of my knowledge.

DATED:  Honolulu, Hawaii August 6, 2019

_____
MATTHEW LIEBLONG