M<small>C</small>CORRISTON MILLER MUKAI M<small>AC</small>KINNON LLP

JESSE J. T. SMITH #9403-0
JAIME H. TOKIOKA #10819-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawaii 96813
Telephone No.: 529-7300
Facsimile No.: 524-8293
E-mail: smith@m4law.com; jht@m4law.com

Attorneys for Defendant
Ursula Abella

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MATTHEW LIEBLONG,<br><br>        Plaintiff,<br><br>vs.<br><br>URSULA ABELLA; S/V TALISKER *in rem*, her engine, appurtenances, equipment, and tackle, Doc. No. 1269157; DOE DEFENDANTS 1-20, DOE CORPORATIONS, 1-20, DOE GOVERNMENT AGENCIES 1-20, DOE PARTNERSHIPS 1-20,<br><br>        Defendants. | CIVIL NO. 19-00425 LEK-WRP<br><br>DEFENDANT URSULA ABELLA'S REPLY IN SUPPORT OF HER MOTION TO DISMISS VERIFIED *FIRST AMENDED* COMPLAINT FOR DAMAGES FILED ON AUGUST 13, 2019 FOR LACK OF SUBJECT MATTER JURISDICTION, FILED ON OCTOBER 22, 2019; CERTIFICATE OF SERVICE<br><br>Relates to Dkt. No. 9<br><br>Date: December 20, 2019<br>Time: 9:45 a.m.<br>Judge: Hon. Leslie E. Kobayashi |

DEFENDANT URSULA ABELLA'S REPLY IN SUPPORT
OF HER MOTION TO DISMISS VERIFIED *FIRST AMENDED*
COMPLAINT FOR DAMAGES FILED ON AUGUST 13, 2019 FOR LACK
OF SUBJECT MATTER JURISDICTION, FILED ON OCTOBER 22, 2019

## I. INTRODUCTION

Defendant URSULA ABELLA ("Ms. Abella") hereby submits her Reply in Support of her Motion to Dismiss Plaintiff Matthew Lieblong's ("Plaintiff") Verified *First Amended* Complaint for Damages Filed on August 13, 2019 ("FAC")[1] for Lack of Subject Matter Jurisdiction, filed on October 22, 2019 ("Motion to Dismiss").[2] Because it is undisputed that Plaintiff failed to properly serve and arrest Defendant SV TALISKER (hereinafter the "Vessel") and Plaintiff's claims do not arise out of the breach of a maritime contract, this Court lacks admiralty jurisdiction over any of the claims alleged in Plaintiff's FAC.[3] Although Plaintiff purports to make a request for the first time in his Memorandum in Opposition to the Motion to Dismiss (hereinafter "Opposition" or "Opp.") "to hold arrest process in abeyance" pursuant to Supplemental Admiralty Rule E-3(b) and LR E-4, such a request is both unwarranted under the facts alleged in the FAC

---

[1] *See* ECF No. 6.
[2] *See* ECF No. 9.
[3] *See* Rule 4(m) of the Federal Rules of Civil Procedure ("FRCP") ("**Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

and improperly made. Accordingly, this Court lacks admiralty jurisdiction over the FAC pursuant to 28 U.S.C. § 1333 and 46 U.S.C. § 31341 et seq.

As Plaintiff readily concedes, this Court also lacks diversity jurisdiction over Plaintiff's remaining state law claims because the FAC fails to properly allege that Plaintiff was a citizen of and domiciled in Little Rock, Arkansas at the time that his original Verified Complaint was filed on August 7, 2019.[4] Although Ms. Abella does not object to Plaintiff further amending the FAC for the sole purpose of correcting the diversity of citizenship allegations (while preserving her right to make a factual attack against those allegations in future proceedings), the proposed Verified *Second Amended* Complaint ("Proposed SAC") attached to Plaintiff's Opposition appears to contain amendments, which go beyond merely addressing the diversity of citizenship allegations and even assert a new basis of jurisdiction not included in either of Plaintiff's prior two verified complaints. Accordingly, Plaintiff was required to file a motion to amend pursuant to FRCP Rule 15(a) where it has been more than 21 days since he received service of Ms. Abella's Motion to Dismiss. Because Plaintiff failed to do so, the FAC should be dismissed.

---

[4] *See* ECF No. 1.

## II. ARGUMENT

### A. The Court Lacks Admiralty Jurisdiction over Plaintiff's Claim for a Maritime Lien Because Plaintiff Failed to Serve and Arrest the Vessel

The Opposition attempts to state that a plaintiff is excused from arresting a vessel and may perfect jurisdiction by asking the Court for an abeyance on the grounds that Plaintiff simply does not wish to take the time and monetary burden of arresting the Vessel in this case or that Plaintiff has a "belief" that the Vessel will remain in the District. *See* ECF No. 13-1, Declaration of Counsel (*stating that* "[t]he basis of the request is the prohibitive cost of the arrest and belief that the Vessel will remain within this District during the pendency of this action."). As discussed below, such an assertion is completely contrary to any and all previous decisions of the federal courts sitting in admiralty jurisdiction in the United States of America.

#### 1. An abeyance of service and arrest of a vessel may only be granted if a vessel's circumstances make service and arrest impossible or impracticable at the time the complaint is filed

Plaintiff is correct that Supplemental Rule of Admiralty E(3) allows a party to request an abeyance of service and arrest of a vessel by the Court, which Plaintiff failed to do in either his FAC or by way of any subsequent motion filed with this Court. *See* FRCP Rule 7(b)(1) ("***In General.*** A request for a court order must be made by motion."). In fact, the FAC does not even include a prayer for

seizure and arrest of the Vessel.  Even if the FAC included such a prayer and even if Plaintiff had properly requested an abeyance, which he has not, such abeyance is <u>only</u> available in instances where the vessel is not currently within the jurisdiction of the Court and is expected to enter the jurisdiction within a certain timeframe.

> If the vessel is absent from the United States, a plaintiff may file suit nonetheless and request the Court to hold service of process in abeyance until the vessel returns. However, this request can be granted only if it is clear that the vessel will be within the Court's jurisdiction "shortly". Filing alone will commence the suit and toll the statute of limitations, but the vessel must be served before the Court can issue a dispositive order.

*Norfolk Shipbuilding & Drydock Corp. v. USNS Truckee*, 629 F. Supp. 779, 781 (E.D. Va. 1985) (internal citations omitted).  Here, the Vessel is within the jurisdiction and in exactly the same place as when Plaintiff was last aboard; therefore, Plaintiff has no excuse for a failure to serve and arrest the Vessel.  As stated above in *Norfolk Shipping*, "the vessel must be served before the Court can issue a dispositive order." *Id*.

Further, Plaintiff has failed to cite any case in which the Court has granted an abeyance simply because the plaintiff did not wish to undertake the time and expense to properly serve and arrest the vessel.  The only case cited by Plaintiff for his proposition is *Barnes v. Sea Haw. Rafting, LLC*, 889 F.3d 517 (9th Cir., 2018), in which the court granted jurisdiction over the vessel because the defendants in that case made a general appearance and failed to contest *in rem* jurisdiction.  In

*Barnes*, the court explicitly stated that "a vessel may waive jurisdiction in rem by appearing in the action and failing to raise the defense of lack of jurisdiction over the party in a timely fashion." *Id.* at 529. The court reasoned that:

> When Barnes filed his verified complaint, the district court issued summonses for each of the defendants, including the Tehani. Four months after Henry and SHR were served, they and the Tehani answered the complaint without moving to dismiss for lack of in rem jurisdiction. The three defendants then actively participated in the litigation—providing discovery, opposing two summary judgment motions and two motions for reconsideration of orders denying summary judgment, and participating in two settlement conferences—without challenging the court's in rem jurisdiction. By the time Barnes filed his unverified amended complaint, defendants had clearly waived any objection to in rem jurisdiction by litigating the merits of Barnes's claims for more than 15 months.

*Id.* at 530. Contrary to the circumstances in *Barnes*, the Vessel in this action has not been served, an answer has not been filed by any party, and Ms. Abella's first filing is to dismiss this action for lack of admiralty jurisdiction due, in part, to Plaintiff's failure to serve and arrest the Vessel. While the court in *Barnes* noted that it was acceptable to obtain jurisdiction over a vessel without arrest when it benefitted either the plaintiff or the defendant, a necessary element of such jurisdiction is that the defendant waive service and arrest of the vessel. *Id.* Here, Plaintiff has not asked – and Ms. Abella has not agreed – to waive service and arrest of the Vessel.[5] Accordingly, this Court does not have *in rem* jurisdiction

---

[5] Rather, Ms. Abella's undersigned counsel, who have not yet been retained to represent the Vessel, only were authorized to waive personal service of Ms. Abella.

over the Vessel until such time that service <u>and</u> arrest have been made. Moreover, unlike the verified complaint at issue in *Barnes*, Plaintiff's FAC does not even include a "prayer for seizure" of the Vessel necessary for this Court's *in rem* jurisdiction over Plaintiff's purported admiralty claims. *C.f. Barnes*, 889 F.3d at 531-32 (noting that the "verified complaint filed by a maritime lienor as well as the prayer for seizure constitute the 'process' that brings that entity into court") (citation and some internal quotation marks omitted).

> B. **The Court Lacks Admiralty Jurisdiction over Any of the Claims Asserted in the FAC Related to Ms. Abella's Purported Breach of the Option to Purchase Provision of the Lease**

In order for the Court to assert admiralty jurisdiction over Plaintiff's common law claims related to Ms. Abella's purported breach of the option to purchase provision of the Lease, Plaintiff must allege a breach of a maritime contract. *See, e.g., World Fuel Servs. Trading, DMMC v. Hebei Prince Shipping Co.*, 783 F.3d 507, 512 (4th Cir. 2015) (quoting *The Resolute*, 168 U.S. 437 (1897)). Even if Plaintiff had properly requested and was entitled to an abeyance, which he is not, the Court would still lack admiralty jurisdiction *in personam* over Ms. Abella because the FAC fails to assert that Ms. Abella breached a maritime contract.

---

Moreover, Ms. Abella's undersigned counsel have only appeared in this action and moved to dismiss this lawsuit on behalf of Ms. Abella. *See* ECF Nos. 5, 9 and 12.

403522.2                                7

### 1. The FAC does not allege a maritime contract or a breach of a maritime contract

As detailed in the Motion to Dismiss, Plaintiff's common law breach of contract sounding claims center solely on Ms. Abella's alleged refusal to recognize Plaintiff's defective and unwarranted option to purchase the Vessel at $100,000 less than the agreed upon purchase price. *See* ECF No. 9-1, p. 10. While Plaintiff has alleged a maritime lien against the Vessel, nowhere in the FAC has Plaintiff alleged that the Lease (with option to purchase) was a maritime contract or that this Court has jurisdiction over this action due to the existence of a maritime contract. *See generally* FAC (*stating that* "[t]he Court has admiralty jurisdiction based upon 28 U.S.C. § 1333 and 46 U.S.C. § 31301 et seq. because Plaintiff claims maritime liens against the vessel for necessaries.").

Plaintiff's Opposition mischaracterizes Ms. Abella's reference to a lack of a maritime contract. Ms. Abella concedes that a statutory maritime lien for the provision of necessaries <u>does not always</u> require an underlying maritime contract. *See Ventura Packers, Inc. v. F/V JEANINE KATHLEEN*, 305 F.3d 913, 919-20 (9th Cir. 2002) (distinguishing statutory Maritime Lien Act claim for necessaries from common law maritime lien claim, which requires both a maritime contract and the arrest of the vessel); *accord Merchants Nat. Bank of Mobile v. Dredge General G. L. Gillespie*, 663 F.2d 1338, 1340-41 (5th Cir. 1981) (noting that wrongful collision creates lien in offending vessel that proceeding *in rem* may be

brought where all of the vessels were physically arrested). However, Ms. Abella's Motion to Dismiss simply states that a plaintiff under these circumstances must either plead a maritime lien *or* breach of a maritime contract. Here, Plaintiff cannot rest maritime jurisdiction for this action on breach of a maritime contract against the Vessel or Ms. Abella *in personam* under the common law because he has not alleged the existence of a maritime contract in the FAC. Instead, he can only rest maritime jurisdiction for this action against the Vessel *in rem* based on his assertion of a maritime lien for the provision of necessaries under the Maritime Lien Act, which requires service and arrest of the Vessel.

Even if the FAC had alleged that the Lease was in the nature of a maritime contract, the FAC does not contain an allegation that there was a breach of anything contained in the lease agreement – the only breach alleged was a breach of the "option to purchase." *See generally* FAC. Plaintiff cites *Aqua-Marine Constructors, Inc. v. Banks*, 110 F.3d 663, 671 (9th Cir. 1997) for the proposition that "a contract is maritime if it relates to a ship in its use as such, or to commerce or to navigation on navigable waters, or to transportation by sea, or to maritime employment." *See* Opp. at 6. Ms. Abella does not refute this general proposition. However, *Aqua Marine Constructors*, further states that, "[i]f the obligation sued on is 'directly and in essence' a maritime obligation, for the performance of maritime service or transactions, a suit on the obligation is cognizable in

admiralty." *Id*. Here, the obligation sued on is the option to purchase, an obligation that constitutes the sale of a vessel which Plaintiff's Opposition concedes is not maritime in nature. Moreover, unlike the charter contract at issue in *Aqua Marine Constructors*, the Lease (with option to purchase) specifically prohibited Plaintiff from chartering the Vessel. *See* Lease attached to the FAC (Use of Vessel provision).

It is also interesting to note that Plaintiff's Opposition fails to address Ms. Abella's contention that a lease with option to purchase is a bifurcated contract in which an alleged exercise of an option to purchase converts the contract into that for the sale of a vessel. While Plaintiff cites many cases related to maritime contracts in his Opposition, none deal with a lease with option to purchase a vessel. Plaintiff fails to explain how Ms. Abella's citation to *Flota Maritima Browning de Cuba, Sociadad Anonima v. Snobl*, 363 F.2d 733, 735(4th Cir. 1966) does not apply in this case and why Plaintiff's purported exercise of the option to purchase does not convert this action into one for the sale of a vessel. As such, Plaintiff has failed to defend against Ms. Abella's contention that the action currently before the Court is a breach of a contract for the sale of a vessel which is not cognizable in admiralty.

### C. The Court Lacks Diversity Jurisdiction Over Plaintiff's Remaining State Law Claims

In his Opposition, Plaintiff concedes that his FAC is deficient for purposes of invoking this Court's diversity jurisdiction. *See* Opp. at 11 ("Defendants [*sic*] are correct that an allegation of citizenship as opposed to mere residence is required."). Moreover, even if the Court were to determine that it has admiralty jurisdiction over any of Plaintiff's claims, which it does not, the Court would be without supplemental jurisdiction over Plaintiff's remaining state law claims because 28 U.S.C. § 1367 is not asserted as a basis for jurisdiction in the FAC. Yet, Plaintiff argues that he "should be granted leave to file a Second Amended Complaint in order to set forth facts which show that Plaintiff's citizenship and domicile are in Arkansas." *Id.*

FRCP Rule 15(a) provides, in pertinent part, as follows:

**(a) Amendments Before Trial.**
 **(1)** *Amending as a Matter of Course***.** A party may amend its pleading once as a matter of course within:
  **(A)** 21 days after serving it, or
  **(B)** if the pleading is one to which a responsive pleading is required, **21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), €, or (f), whichever is earlier.**
 **(2)** *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

\* \* \* \*

(Emphasis added).

Although Ms. Abella does not object to Plaintiff further amending the FAC for the sole purpose of correcting the diversity of citizenship allegations (while preserving her right to make a factual attack against diversity in future proceedings), the Proposed SAC attached to Plaintiff's Opposition appears to contain amendments, which go beyond merely addressing the diversity of citizenship allegations. Indeed, Plaintiff concedes that by way of his proposed amendments, he is asserting a brand-new basis of jurisdiction (i.e. supplemental jurisdiction) not included in either of Plaintiff's prior two verified complaints. *See* Opp. at 12; *see also* Proposed SAC at 2 ¶ 1 (adding allegation that "The Court also has supplemental jurisdiction under 28 USC § 1367(a) because the state law claims asserted in this Second Amended Complaint arise from the same set of facts as the claims over which this Court has original jurisdiction.").[6]

---

[6] Although Plaintiff cites to *Herman Family Revocable Trust*, 254 F.3d 802 (9th Cir. 2001), this case actually hurts his position on supplemental jurisdiction. There, the Ninth Circuit affirmed the district court's determination that it lacked admiralty jurisdiction based on the "venerable principle that a suit arising out of the sale of a vessel does not give rise to admiralty jurisdiction." *Id.* at 804. Yet, "[d]espite the district court's holding that it lacked admiralty jurisdiction, it nonetheless adjudicated the state-law claim, purportedly under its supplemental jurisdiction." The Ninth Circuit reversed, holding that the district court had no authority to adjudicate the state law claims under 28 USC § 1367(a) where it lacked admiralty jurisdiction in the first instance. Here, the Court lacks admiralty jurisdiction in the absence of either an alleged breach of a maritime contract or Plaintiff having successfully served and arrested the Vessel. Accordingly, it would be futile under FRCP Rule 15(a), to permit Plaintiff leave to amend on this basis.

Because Ms. Abella does not consent to Plaintiff amending the FAC in this fashion, Plaintiff was required to either amend his FAC as a matter of course within 21 days of service of Ms. Abella's Motion to Dismiss or file a motion to amend with this Court.  *See* FRCP Rule 15(a)(1)(A) and (B).  Plaintiff has failed to avail himself of either option.  Accordingly, Plaintiff's remaining state law claims should be dismissed for lack of diversity jurisdiction.

### III. CONCLUSION

For all of the foregoing reasons and authorities, Ms. Abella respectfully requests that this Honorable Court grant her Motion to Dismiss in its entirety and enter an order dismissing the FAC with prejudice.

DATED:  Honolulu, Hawaii, December 6, 2019.

/s/ Jesse J. T. Smith
JESSE J. T. SMITH
JAIME H. TOKIOKA

Attorneys for Defendants
Ursula Abella

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MATTHEW LIEBLONG, | ) | CIVIL NO. 19-00425 LEK-WRP |
| | ) | |
| Plaintiff, | ) | CERTIFICATE OF SERVICE |
| | ) | |
| vs. | ) | |
| | ) | |
| URSULA ABELLA; S/V TALISKER *in rem*, her engine, appurtenances, equipment, and tackle, Doc. No. 1269157; DOE DEFENDANTS 1-20, DOE CORPORATIONS, 1-20, DOE GOVERNMENT AGENCIES 1-20, DOE PARTNERSHIPS 1-20, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) ) ) ) ) ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that, on the date and by the methods of service indicated below, a true and correct copy of the foregoing document was duly served upon the following persons:

64463/403522.2

**Served Electronically through CM/ECF:**

JARED A. WASHKOWITZ, ESQ.  jw102475@gmail.com
JAW Legal
1050 Bishop Street, #450
Honolulu, Hawaii 96813
   Attorney for Plaintiff
   Matthew Lieblong

DATED: Honolulu, Hawaii, December 6, 2019.

                                      /s/ Jesse J. T. Smith
                                      JESSE J. T. SMITH
                                      JAIME H. TOKIOKA

                                      Attorneys for Defendants
                                      Ursula Abella